No. 2926.

JOSEPHINE HALE, Executrix, *v.* WILLIAM J. SALTER et als.

A suit by the executor of a succession to compel the heirs of said succession who have been put in possession thereof, to pay the commission claimed by said executor, is properly brought before another court than the Second District Court, which has only probate jurisdiction.

Where the exception was, that plaintiff, having claimed in her first petition only one-half of the commission allowed by law to executors, could not, in a supplemental one, claim the whole commission;

Held—That she had the right to amend her pleadings, and that the exception could not be maintained.

The law gives to the executor a compensation for his services, and the heirs can not deprive him of it by causing themselves to be put in possession after the executor has accepted the trust and qualified.

Where it was contended by the heirs that the executor's claim for his commission had lapsed, because it was not demanded when the succession was turned over to them;

Held—That if he did renounce his claim, his renunciation should have been express. It can not be inferred.

Where the heirs contended that they could not be called upon to pay plaintiff's claim, because the law provides that the commissions of executors are based on an inventory, and no inventory was taken in this case, wherefore there are no means by which the amount due to the plaintiff can be ascertained;

Held—That the heirs can not by their own act prevent the executors from taking an inventory, and then refuse to pay them their commission. The executors should be allowed to show the value of the succession *aliunde.*

Where letters testamentary have been issued by a court of competent jurisdiction to two executors, on their complying with the requisites of the law, and one of them takes the oath well and faithfully to perform his duties, as executor, and the other does not, the one who has not taken the oath is presumed to have renounced the trust, and the one who has qualified is entitled to the entire commission.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *Gibson & Austin, Labatt & Aroni,* for plaintiff and appellee. *T. Gilmore & Sons,* for defendants and appellants.

MORGAN, J.   Richard Salter appointed Thomas Hale and Peter Marcy executors of his last will, and made them detainers of his estate. After his death the will was probated, and immediately thereafter the executors named presented their joint petition to the judge of the Second District Court of New Orleans, where the succession was opened, in which they prayed to be allowed to qualify as executors;

they also prayed for an inventory. Their prayer was granted. Thomas Hale alone took the usual oath.

Before the inventory was commenced the heirs of Salter, all of age, brought suit against Hale and Marcy, executors, alleging that they were willing to pay the debts of the succession which had fallen to them, and the only legacy left by their ancestor, and alleging that there was no need of an administration of the succession, prayed to be put in possession of the estate.

Hale and Marcy, in the same answer, said that they made no objection to the granting of petitioners' prayer, and submitted themselves to the judgment of the court. The heirs were ordered to be put in possession; and thus the duties of the executors came to an end, without their having taken an inventory, filed an account, or done any act of administration in the usual sense of the term.

Hale died, and his widow, and executrix of his will, has instituted this action against the heirs of Salter, claiming, in behalf of her husband's succession, the executor's commission of two and one-half per cent. on the value of the Salter succession. She claims the whole commission allowed by law, because her husband alone qualified, that is, took the oath as executor.

The defendants except to the jurisdiction of the court of the first instance *ratione materiæ*, claiming that they should have been proceeded against in the Second District Court, which has exclusive jurisdiction of the probate of wills, the appointment of executors and the rendition of their accounts to the Second District Court.

It is because of this exclusive jurisdiction of the Second District Court that it was proper to institute this proceeding before another tribunal.

This is not a suit for the probate of a will, the appointment of an executor, or the rendition of an account. It is an action to compel the heirs of Salter to pay an obligation which, it is alleged, they assumed when they took the succession of their father out of the hands of his executors. It could not therefore have been instituted in the Second District Court, which has only probate jurisdiction.

It was next excepted that plaintiffs' petition discloses no cause of action. The plaintiffs may not succeed in their case, but it seems to us that when they allege an indebtedness on the part of the defendants for the causes herein declared upon, they set forth a sufficient cause of action to authorize a judicial investigation of their claim.

The third exception is, that in her first petition plaintiff only claimed one and one-quarter per cent., or one-half of the commissions allowed by law to executors, and that her supplemental petition claiming the whole commission should not be considered. Whether she is entitled to the whole of the commission or not is a question which will be

treated of in another part of this opinion.   But we think she had the right to amend her pleadings, which is always in the discretion of the court when the cause of action is not thereby changed,' and to claim more in her supplemental petition than she did in her first petition.

The defense to the demand on the merits is, first, that no commissions are to be allowed an executor who has not administered upon the estate intrusted to him, and in support of this proposition we are referred to articles 1069, 1194, 1200, 1201, 1682, 1685 of the Civil Code, which provide that the administrator of a succession shall be allowed on the settlement of his account a certain per centage on the amount of the inventory of the effects of the succession committed to his charge; that the curator is entitled to a certain per centage on the amount of the effects of the succession, or of the portion by him administered according to the inventory; that if, at the rendition of his account by the curator, the judge be satisfied that the succession is entirely settled, he shall allow the curator a certain commission on the amount of the inventory of the effects of the succession, or of the portion by him administered, deducting bad debts; that if the succession is not entirely settled, and the administration thereof prolonged, the curator shall only be allowed commissions on the sums received or recovered during his administration; that an executor who has the seizin of the succession is entitled to a commission for his trouble and care on the whole amount of the inventory, making a deduction for what is not productive and for what is due by insolvent debtors; and the argument is that the commission allowed to executors, upon whom a general seizin is conferred, is not in the nature of a bequest or legacy, but is allowed, solely and exclusively, as a compensation for their care and trouble in administering the estate, and only in so far as they have administered.   In support of this principle which, it is contended, runs through the jurisprudence of the State, we are referred to Succession of Day, 3 An. 624; Dupuy, 4 An. 570; Nicholson, 5 An. 358; Poindexter, 19 An. 22; Vogel, 20 An. 81; Day, 22 An. 366; 1 R. 400; 4 An. 388; 6 An. 486.

We have carefully examined the authorities cited, but we have not found among them all one which throws any light upon the question which we are called upon now to decide; nor have our own researches enabled us to find a case which positively governs the one at bar. What we are called upon to determine is this:

When an executor, with seizin, has accepted the trust reposed in him, and, in order to carry out the provisions of the will of which he is the executor, and otherwise administer upon the estate, obtains an order from the court of competent jurisdiction for the taking of an inventory of the property of the succession, and the heirs, before the inventory is taken bring suit against him to be put in possession of

their estate, offering to pay the debts and legacies, and he answers that he makes no objection to their demand, and judgment is rendered in their favor, is he precluded from claiming from the heirs the commissions which the law fixes as his compensation for his care and trouble in administering the property of the succession ?

We decide the question in the negative.

A testator has the right to give the seizin of his estate to his executor. The acceptance of this trust creates obligations on the part of the executor, for discharging which he is allowed compensation by law. His obligations are to carry out the provisions of the will, to take charge of the property of which the seizin gives him possession, and, after the performance of these duties, to deliver the succession over to the heirs. His compensation for the performance of these obligations is two and a half per cent. on the estimated value of the property belonging to the succession thus placed in his possession. The moment he accepts the trust, his obligations and responsibilities begin ; the moment his obligations and responsibilities begin, his right to compensation attaches, and remains until discharged, and this without reference to the time the succession was in his hands. The heirs can at any time take the seizin from the testamentary executor on offering him a sufficient sum to pay the movable legacies. C. C. 1654. They may at any time accept the succession which has fallen to them and be put in possession thereof upon complying with the requirements of the law, but they can not do this without discharging the obligation due to the executor. The fact that the executor is willing to give up his trust immediately to the rightful heirs without forcing them to a litigation, and without entailing upon the succession the necessary costs of a tedious administration, is rather a reason why the executor's fees allowed by law should be paid without hesitation, than an excuse for not paying them at all. Be this as it may, the law gives to the executor a compensation for his services and responsibilities, and the heirs can not deprive him of it by causing themselves to be put in possession, after the executor has accepted the trust.

The heirs argue that the executors' claim for their commission has lapsed because they were not demanded when the succession was turned over to them. We do not think they have succeeded. If they did renounce, their renunciation must have been express; it is not to be inferred. So far at least as Hale is concerned, it is certain that he never renounced, for these commissions seem to have occupied his thoughts during the last days of his life.

In an addenda to written advice given in prospect of death to his wife under date of twenty-ninth of November, 1866, he mentions them thus :

" Note.—Salter commissions due me."

Thus showing that he considered them as a part of his estate. We therefore are of opinion that the executors' commissions are properly due.

The heirs contend that they can not be called upon to pay, because the law provides that the executors' commissions are based upon an inventory, and that as no inventory was taken there are no means by which the amount due them can be ascertained. We think the heirs can not, by their own act, prevent the executors from taking an inventory, and then refuse them their commission, because the inventory was not taken.

The executors should be allowed to show the value of the succession *aliunde*. The best evidence of the value of the succession is the estimate which the heirs put upon it. This evidence was introduced. The heirs objected to its reception and reserved their bill, but the court admitted it, and we think the ruling was correct. The heir, a witness in the case, who seems best informed upon the subject fixes the value of the estate, in round numbers, at $100,000. We have no idea that he over estimated its value, and we think the executors' commissions must be reckoned on that basis.

The last question presented for our decision is this: If there are two executors to a will, both of whom unite in a petition to the court having jurisdiction over the succession confided to their charge, and alleging that they are desirous of qualifying as such, pray that an inventory of the succession property be taken, and the court orders that letters testamentary be delivered to them on their complying with the requisites of the law, and orders an inventory to be taken as prayed for, and one of them takes an oath well and faithfully to perform all the duties of executor, and the other does not, is the one who has not taken the oath presumed to have renounced the trust, and is the one who has, entitled to the entire commission.

We think yes.

The word "qualify," in its legal use, means to take an oath to discharge the duties of an office, and when an executor named in a will alleges that he desires to qualify as such, and the court orders that letters testamentary issue to him upon his complying with the requisites of the law, we understand that they are to be issued to him when he shall have taken the oath well and faithfully to discharge the duties of his trust. The presentation of his petition is the announcement that he is willing to accept the trust; the taking of the oath is the evidence that he has accepted it. It is then that letters issue to him ; then that his responsibilities begin; then that his rights attach. And when, after alleging that he proposes to accept the trust, and the court orders him to be confirmed therein upon his complying with the requisites of the law, and he does not comply with them, the presumption is that

Josephine Hale, Executrix, v. Salter et als.

he has changed his mind. If there are two, and one qualifies, and the other does not, it must, we think, be assumed that the one who does not, at the last moment, is not willing to assume the responsibilities confided to him. These responsibilities then fall upon the co-executor. If the responsibilities are thrown upon him, the compensation goes with them; and the heirs can not deprive him of them by taking immediate possession of the estate. The right to the fees was earned when the responsibilities were assumed, and he can not be deprived of them by any action of the heirs.

Judgment affirmed.

Rehearing refused.